## CHARLES N. HAHN, Impleaded, etc.

*v.*

## THE ST. CLAIR SAVINGS AND INSURANCE COMPANY.

BILL OF EXCEPTIONS—*what it should contain.* A judgment will not be reversed merely because an instruction, though proper in itself, was refused, when it appears from the bill of exceptions that instructions were given which are not embodied in the record.

This cause was decided at the June term, 1869, and is reported in this volume, *ante* p. 456. After the foregoing pages were in plates, at the June term, 1870, the appellees applied for a rehearing. In their petition, the appellees contend that the third instruction asked by Hahn, and referred to in the original opinion, was properly refused because it did not correctly lay down the law; and furthermore, the bill of exceptions shows that instructions were given for Hahn which are not embodied therein, and on such a condition of the record, even if the third instruction were improperly refused, that would not present a sufficient ground for reversal.

Messrs. G. & G. A. KŒRNER, and Mr. WILLIAM H. UNDERWOOD, for the appellees.

PER CURIAM:—We have carefully examined the grounds relied upon in the petition for a rehearing, and feel constrained to refuse the application. As stated in the opinion previously filed, the introduction in evidence of the admissions of the other partners, when Hahn was not present, to prove he was a partner, was improper. That evidence tended to mislead, and may have misled the jury. And it is no answer to say that the evidence tended to prove that he was present when a portion of the admissions were made, as the admissions when he was not present were clearly erroneous and

calculated to mislead.   If the evidence were clear that a partnership did exist as to Hahn, then we might not feel inclined to reverse, but the evidence is not of that character, and the judgment was properly reversed because of the introduction of this evidence.

The criticism upon the third instruction by counsel is, perhaps, correct, and it is no doubt true, that the judgment should not have been reversed for refusing that instruction, as the bill of exceptions shows that the instructions given were not all embodied in the record, still, the result is not changed by what was inadvertently said in reference to that instruction, as we then regarded, and still deem, the introduction of improper evidence as requiring a reversal.

*Rehearing denied.*